**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| MARSHALL L. ROBINSON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of the Social Security )<br>Administration, )<br>)<br>Defendant. )<br>)<br>) | Case No. 08-cv-468-TLW |

**ORDER AND OPINION**

Plaintiff Marshall L. Robinson seeks judicial review of a decision of the Commissioner of the Social Security Administration denying his claim for Disability Insurance Benefits under Title II of the Social Security Act ("SSA"), 42 U.S.C. § 1382. In accordance with 28 U.S.C. § 636(c)(1) and (3), the parties have consented to proceed before a United States Magistrate Judge.[1]  [Dkt. # 8].

**Background**

Plaintiff was born on March 8, 1957 and was 50 years old on the date of the hearing before the Administrative Law Judge ("ALJ"). [R. 17]. Plaintiff was 49 years old on March 31, 2006, his date last insured. [R.17]. In his April 8, 2008 Decision, the ALJ determined that:

1. plaintiff met the insured status requirements through June 30, 2006, the date of the ALJ's Decision;

---

[1] Plaintiff's application for SSI was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Charles Headrick was held on February 15, 2008. [R. 19]. On April 8, 2008, the ALJ entered his Decision. [R. 7]. The Appeals Council denied plaintiff's request for review on July 17, 2008. [R. 1]. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal.

    2. plaintiff had not worked at a substantial level since May 12, 2005, the alleged disability onset date;

    3. plaintiff has the severe impairments of chronic left eye pain, occipital neuralgia, and blurred vision;

    4. plaintiff's impairments do not meet or medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1;

    5. plaintiff's residual functional capacity ("RFC") consists of the ability to perform medium work;

    6. plaintiff is unable to perform his past relevant work; and

    7. plaintiff is able to perform jobs that exist in significant numbers in the national economy.

[R. 12, 17, 18.]

On March 18, 2009, more than a month after the hearing before the ALJ, plaintiff's counsel asked one of plaintiff's treating physicians, Dr. Frank J. Hackl, to complete a Physical Residual Functional Capacity Questionnaire (the "Questionnaire"), informing Dr. Hackl that his answers "will very likely be a determining factor in whether or not [plaintiff] is initially awarded Social Security Disability and subsequently receives Medicare benefits."[2]  [R. 424]. Dr. Hackl did not complete the Questionnaire until April 9, 2008, one day after the ALJ issued his Decision.  [R. 425-26].  In the Questionnaire, Dr. Hackl opines that plaintiff has "chronic occipital neuralgia," that plaintiff needs to avoid bright light, that plaintiff's impairments cause "severe" headaches, that plaintiff's eye problems were a "long term disability," and that plaintiff's impairments would cause him to miss four or more days of work each month.  [R. 425-26].  Plaintiff's attorney provided the Questionnaire to the Appeals Council and concedes that the Questionnaire is new evidence.  [Dkt. # 18].

---

[2]  At the February 15, 2008 hearing, counsel for plaintiff represented to the ALJ that there was no reason for the record to remain open.  [R. 40.]

**Issue Raised**

Plaintiff lists as "Errors on Appeal" that "the ALJ committed reversible error," because plaintiff "does not have the residual functional capacity ("RFC") to perform significant gainful activity ("SGA")." In his argument, plaintiff first asserts that the ALJ "failed to include limitations resulting from [plaintiff's] blurred vision, headaches, sensitivity to light and his ability to concentrate." [Dkt. # 18 at 3]. However, Plaintiff then concedes that the ALJ did take into consideration these very limitations, and nowhere does plaintiff provide any argument, beyond the initial bare conclusions, that the ALJ's Decision was improper based on the evidence that was in the record at the time of the Decision.[3] Rather, plaintiff uses his conclusions to segue to the only issue that he actually argues in his brief, that the Appeals Council erred, because "[a]n analysis of the [Questionnaire] and the Appeals Council's rationale is missing" from the Appeals Council's decision.[4] Id. at 6. [Dkt. # 18]. It is this issue that the Court addresses below.

**Discussion**

The Tenth Circuit's decision in Martinez v. Barnhart, 444 F.3d 1201 (10th Cir. 2006), guides the Court's analysis. In Martinez, the Tenth Circuit addressed the scope of the Appeals Council's obligation to consider new evidence presented after the ALJ's decision:

> In this appeal, Mr. Martinez is not challenging the ALJ's rejection of Dr. Olivares' opinions regarding his back impairment. Instead, he claims the Appeals Council erred during the second administrative appeal because the Appeals Counsel failed to address whether Dr. Olivares' treatment records submitted to the Council, undercut the second ALJ's rejection of Dr. Olivares' opinions.

---

[3] As noted in plaintiff's brief, the ALJ did not find plaintiff's complaints to be entirely credible [Dkt. # 18 at 4] and, in so doing, specifically cited to supporting medical evidence, including the records of plaintiff's treating physicians. [R. 15-17].

[4] Plaintiff does assert, later in his brief, that the ALJ's Decision cannot be the final decision of the Commissioner, since it "does not include a discussion of [the Questionnaire]." Plaintiff fails to cite any authority for this position. Moreover, the Tenth Circuit, in Martinez v. Barnhart, 444 F.3d 1201 (10th Cir. 2006), when considering the same primary argument asserted by plaintiff, found that the ALJ's decision was "the final decision of the Commissioner." Id. at 1204.

> Mr. Martinez's argument is without merit. The pertinent regulation concerning new evidence submitted to the Appeals Council provides:
>
>> If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.
>
> 20 C.F.R. § 404.970(b).
>
> Here, the Appeals Council did not specify whether Dr. Olivares' treatment records qualified as new, material, and chronologically relevant. It did, however, state that the treatment records were being made a part of the record. We interpret this statement as an implicit determination Mr. Martinez had submitted qualifying new evidence for consideration. As a result, the Appeals Council was required to "consider" Dr. Olivares' treatment records as part of its "evaluat[ion of] the entire record" to determine whether to "review the case." 20 C.F.R. § 404.970(b). Mr. Martinez contends that the Appeals Council failed to do so, and that a remand is therefore necessary.
>
> We disagree. The Appeals Council stated it "considered the contentions submitted in connection with the request for review, as well as the additional evidence identified on the attached Order of the Appeals Council." The "additional evidence" was described on the attached order as "[t]reatment notes from Mel Olivares, M.D., dated from July 2001 to April 2002 (8 pages)." The Appeals Council concluded, however, "neither the contentions nor the additional evidence provide a basis for changing the Administrative Law Judge's decision." As a result, we conclude that the Appeals Council adequately "considered ... the additional evidence," id., meaning that it "evaluate[d] the entire record including the new and material evidence submitted," 20 C.F.R. § 404.970(b).

Id. at 1207-08. Thus, when presented with new evidence that was not available to the ALJ, the Appeals Council is under no obligation to include, in a denial of a Request for Review, its analysis of the new evidence, neither is the Appeals Council obligated to explain its rationale. Rather, it is enough for the Appeals Council to state that it "considered" the new evidence and found no reason to change the decision of the ALJ.

4

Here, the Notice of Appeals Council Action provides as follows:

> In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council.
>
> We found that this information does not provide a basis for changing the Administrative Law Judge's decision.

[R. 1-2]. The Order of Appeals Council also specifically states that the Appeals Council received plaintiff's counsel's March 18, 2008 letter to Dr. Harkl "with the attachment," which includes the Questionnaire. [R. 424-26]. Thus, it is obvious that the Appeals Council reviewed the Questionnaire and considered it in reviewing plaintiff's appeal. In fact, the Appeals Council's statement in the Notice is almost identical to the statement considered adequate by the Tenth Circuit in <u>Martinez</u>. Therefore, the same result is required in this case, since the Court finds that the Appeals Council considered the Questionnaire and "evaluate[d] the entire record including the new and material evidence submitted." 20 C.F.R. § 404.970(b). Thus, plaintiff's argument fails.

## Conclusion

The Court finds that the Appeals Council considered and evaluated the entire record, including the new evidence. Accordingly, the Decision of the Commissioner finding plaintiff is not disabled is hereby AFFIRMED.

IT IS SO ORDERED this 30th day of September, 2009.

_____
T. Lane Wilson
United States Magistrate Judge

5